Argued and submitted September 25, reversed and remanded with instructions December 11, 1991, reconsideration denied February 19, petition for review allowed April 28, 1992 (313 Or 209)

Randall E. SANDERS,
*Respondent,*

*v.*

OREGON PACIFIC STATES
INSURANCE COMPANY,
*Appellant.*

(89-08-32835; CA A65627)

821 P2d 1119

I. Franklin Hunsaker, Portland, argued the cause for appellant. With him on the briefs were Chrys A. Martin, Lori R. Metz and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Roland W. Johnson, Enterprise, argued the cause for respondent. With him on the brief was Kirby, Johnson & Chrisman, Enterprise.

Jeffrey C. Carey, Standard Insurance Company, Portland, and Richard E. Barnsback, Phillip E. Stano, David M. Leifer, American Council of Life Insurance, Washington, D.C., filed a brief *amici curiae*.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

Joseph, C. J., dissenting.

## RICHARDSON, P. J.

Plaintiff is the beneficiary of Shannon Sanders, who was an insured under a group insurance policy issued by defendant insurer. The policy contained a term life benefit of $10,000 and, under a separate coverage schedule for accidental death, dismemberment and loss of sight, it also insured Shannon for an additional $10,000 in case of accidental death. On April 1, 1989, she changed jobs and ceased to be eligible for inclusion in the group. Under ORS 743.333 and ORS 743.339, she had 31 days within which to exercise the right to convert from the group to an individual policy. If she were to die within the 31-day period, the same coverage would be available as if she had fully exercised her conversion rights. On April 12, before the 31-day period had expired, she was killed in an accident.

Plaintiff made claims for both the term life benefit and the accidental death benefit. Defendant allowed the former but denied the latter, asserting that the conversion rights under the statutes and the policy did not include the accidental death benefit. Plaintiff then brought this action to recover that benefit, and the trial court entered judgment in his favor. Defendant appeals. The question is close, and the arguments for both answers have been ably presented by the parties. We conclude that neither the statutes nor the policy provide for the conversion of the accidental death coverage, and we therefore reverse.

ORS 731.170 provides:

"(1) 'Life insurance' means insurance on human lives and every insurance appertaining thereto and includes the granting of endowment benefits, additional benefits in event of death or dismemberment by accident or accidental means, additional benefits in event of the insured's or premium payor's disability and optional modes of settlement of proceeds of life insurance including annuity benefits payable under such a settlement provision. 'Life insurance' does not include workers' compensation coverages.

"(2) For convenience, reference to 'life insurance' in the Insurance Code includes life insurance as defined in subsection (1) of this section and annuities as defined in ORS 731.154, except if the inclusion of annuities obviously is

inapplicable or if the context requires, or the Insurance Code provides, otherwise."

ORS 743.333 provides, as material:

"A group life insurance policy shall contain a provision that if the insurance, or any portion of it, on a person covered under the policy ceases because of termination of employment or of membership in the class or classes eligible for coverage under the policy, such person shall be entitled to have issued by the insurer, without evidence of insurability, an individual policy of life insurance without disability or other supplementary benefits, provided application for the individual policy shall be made, and the first premium paid to the insurer, within 31 days after such termination * * *."

Under ORS 743.339, if a person with conversion rights dies during the 31-day period and before a conversion policy has been issued, the insurer must pay the "amount of life insurance which the person would have been entitled to have issued under such individual policy."

Plaintiff argues, and the trial court concluded, that accidental death benefits constitute "insurance on human lives" within the meaning of ORS 731.170 and, as such, are subject to the conversion rights delineated in ORS 743.333 and ORS 743.339. Defendant argues that accidental death coverage is among the "supplementary benefits" that ORS 743.333 provides need not be included in a converted individual life insurance policy. Plaintiff responds, *inter alia*, that ORS 743.333 expressly excludes the disability coverage under group life policies from an insured's conversion rights; that, because accidental death coverage as well as disability coverage are mentioned in ORS 731.170 as species of life insurance, ORS 743.333 would also have been express in excluding accidental death coverage if that had been the legislature's intent; and that accidental death coverage cannot be understood to be a "supplementary benefit" in the context of a statute that pertains to insurance against the loss of human life, because it *is* insurance against the loss of human life. Neither party relies on or points to legislative history that might assist in resolving the question.

Plaintiff's argument emphasizes the logical connection between the nature and purpose of accidental death benefits and the definitional label "life insurance." However,

the Insurance Code is not as logical—or as compartmentalized—as plaintiff's argument is. For example, disability and dismemberment are included in ORS 731.170 as coverages that may be included in "life insurance" policies, and accidental death coverage is a form of "health insurance" under ORS 731.162, as well as a form of life insurance under ORS 731.170. *See also* ORS 731.150.

Plaintiff recognizes those facts, but argues that ORS 731.170 distinguishes between "insurance on human lives" and "every insurance appertaining thereto." He reasons that any insurance that directly covers human death is of the former kind and that disability and other benefits that may be included in life insurance policies are "appertaining" within the statute's meaning. Therefore, plaintiff maintains, when ORS 743.333 is read in the light of the ORS 731.170 definition, the phrase "without disability or other supplementary benefits" excludes only non-death benefits that are covered under life insurance policies. Plaintiff bolsters that argument by resort to the principle of *ejusdem generis*: Because disability coverage is not a death benefit, the words "other supplementary benefits" that follow it in the statute must also contemplate coverages that do not relate directly to the loss of life.

We agree with plaintiff that ORS 731.170 and ORS 743.333 must be read together. However, we do not read the two statutes as he does. ORS 731.170(1) lumps death or dismemberment by accidental means and disability together as "additional benefits" that life insurance policies may cover. The significance of that is twofold: First, it is contrary to the sharp line that plaintiff draws between coverage for death and for other eventualities; and, second, it means that the "other supplementary benefits" that ORS 743.333 excludes along with "disability" must refer to the coverages that ORS 731.170 includes along with "disability" coverage as "additional benefits." It follows that accidental death coverage is a "supplementary benefit" that need not be included in converted individual life insurance policies. Plaintiff is not assisted by the fact that ORS 743.333 does mention disability coverage and does not itself expressly mention accidental death coverage. The phrase "other supplementary

benefits" in the statute must mean something, and the legislature's intent to include accidental death benefits in the phrase is discernible when ORS 743.333 and ORS 731.170 are read together.

Plaintiff also argues that the conversion provisions of the group policy are ambiguous and should be construed in his favor. We find no ambiguity.

Reversed and remanded with instructions to enter judgment for defendant.

**JOSEPH, C. J.,** dissenting.

As the majority says, "The question is close and the arguments for both [positions] have been ably presented by the parties." 110 Or App at 181. The reason for the question's being so close is that plaintiff's policy and the statutes read together have created ambiguity as to plaintiff's rights. Therefore, so far as I am concerned, plaintiff wins. *Shadbolt v. Farmers Insur. Exch.,* 275 Or 407, 411, 557 P2d 478 (1976).

The trial court should be affirmed.